1  P. Kristofer Strojnik, SBN 242728
2  pstrojnik@strojniklaw.com
   Esplanade Center III, Suite 700
3  2415 East Camelback Road
   Phoenix, Arizona 85016
4  415-450-0100 (tel.)

5  Attorneys for Plaintiff

6

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9 THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| 10 | |
| 11 Plaintiff, | **VERIFIED COMPLAINT** |
| 12 vs. | (JURY TRIAL DEMANDED) |
| 13 PLANTATION BAY HOTELS LLC, a | |
| 14 California limited liability company dba Fairfield Inn & Suites by Marriott | |
| 15 Camarillo, | |
| 16 | |
| 17 Defendant. | |

18      Plaintiff Theresa Marie Brooke alleges:

19                    PARTIES

20      1.      Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled,

21  and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2),

22  the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the

23  California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due

24  to the loss of a leg.

25      2.      Defendant, Plantation Bay Hotels LLC, owns and/or operates and does

26  business as the hotel Fairfield Inn & Suites by Marriott Camarillo located at 4444

27  Central Avenue, Camarillo, California 93010. Defendant's hotel is a public

28  accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging

services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

**JURISDICTION**

3.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6.     Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

**ALLEGATIONS**

7.     Plaintiff alleges that Defendant's hotel does not have an access aisle at the passenger loading zone adjacent to the hotel lobby in violation of Section 503 of the 2010 Standards. An access aisle has specific requirements: It must be 60 inches wide and at least 20 feet long, it must have an accessible route adjoining it, and it cannot be within a vehicular way. Section 503.3.

8.     Plaintiff formerly worked in the hospitality industry and her husband works in the travel industry. She and her husband are avid travelers to California for purposes of leisure travel and to "test" whether various hotels comply with disability access laws. Testing is encouraged by the Ninth Circuit Court of Appeals.

9.     Plaintiff and her husband traveled to the Los Angeles area in late April of this year. She and her husband anticipate returning several times in the next few months for required hearings, depositions and further testing.

10.     During this trip, Plaintiff personally visited Defendant's hotel. Defendant's hotel has a passenger loading zone because pickup and dropoff occurs

2

there and it is located directly outside of the lobby entrance. There are also design features showing an intent for utilization as a passenger loading zone.

11.     While at Defendant's hotel, she discovered that Defendant's hotel has a *barrier to entry to the lobby*, which is that the passenger loading zone does not have an access aisle. The requirement of an access aisle at a passenger loading zone relates to Plaintiff's disability of not having one leg and being forced to use a wheelchair because access aisles are required so persons in a wheelchair can maneuver without threat of danger from other vehicles and without other encumbrances blocking their pathway. The lobby, therefore, is inaccessible to Plaintiff by way of the passenger loading zone because there is no access aisle.

12.     Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel, and as a result, she was deterred from entering the hotel. She will only return to the hotel, when she returns, if Defendant puts the required access aisle into place. Visiting otherwise would be futile because the lack of the access aisle represents a barrier to entering the lobby from the passenger loading zone.

13.     An illustration of a correct access aisle is provided below:



14.     Defendant's hotel passenger loading zone does not have the access aisle depicted in the illustration above.

15.     It is readily achievable to modify the hotel to provide an access aisle. Provision of an access aisle is extremely inexpensive; it involves painting and measuring tools.

16.     Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION

17.     Plaintiff incorporates all allegations heretofore set forth.

18.     Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

19.     Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

20.     In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle as required by Section 503 of the Standards.

21.     Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

22.     Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

23.     Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.     Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

### SECOND CAUSE OF ACTION

24.    Plaintiff realleges all allegations heretofore set forth.

25.    Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

26.    Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

27.    Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

28.    Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

29.    Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Damages in the amount of $4,000.00; and

e.  Provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 14th day of May, 2022.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 12th day of May, 2022.

Theresa Marie Brooke